UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: Jerome Maurice Davis, | ) | Bankruptcy No. 11-81785 |
| Debtor. | ) | Adversary No. 14-96129 |
| Jerome Maurice Davis, | ) | |
| Plaintiff, | ) | Chapter 13 |
| v. | ) | Judge Lynch |
| CitiMortgage, Inc., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant's Motion for Summary Judgment (the "Motion"). For the reasons discussed below, the Motion will be denied.

## JURISDICTION

28 U.S.C. § 1334(b) confers upon district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." The amended adversary complaint at issue here seeks a determination of the validity and extent of the Defendant's purported mortgage interest in Mr. Davis' residence, as well as the extent of any default. The Debtor does not rely upon any provision of the Bankruptcy Code to do so, and rather brings this matter challenging the Defendant's claim to hold a debt and mortgage interest under state law. The matter therefore does not arise under Title 11. Nor does it involve property which is currently property of the estate or currently provided for in the Debtor's plan. While the residence became property of the estate upon the filing of the Debtor's bankruptcy petition, it revested in the Debtor upon confirmation of his

Page **1** of **19**

Chapter 13 Plan. *See* Amended Order Confirming Chapter 13 Plan (Case No. 11-81785, ECF No. 143); 11 U.S.C. § 1327(b). The Defendant at one time filed a proof of claim, and the Debtor's confirmed plan at one time provided for certain payments to the Defendant. However, as this court has previously held, on or about May 29, 2014, the Defendant withdrew its proof of claim – thereby "render[ing] the withdrawn claim a legal nullity" – and on the same day the Defendant waived and was no longer entitled to any payments under the plan and the automatic stay terminated as to the Defendant with respect to the Debtor's residence. *See* Order Reopening Bankruptcy Case (June 21, 2016, Case No. 11-81785, ECF No. 250.) Additionally, in the same ruling the court held that the Defendant's claim was not subject to discharge – either because it was a long-term debt provided for under Section 1322(b)(5) of the Bankruptcy Code or in the alternative was a debt not provided for by the confirmed Chapter 13 plan. *Id.*; 11 U.S.C. § 1328(a).

Proceedings "arising in" bankruptcy are "administrative matters that arise only in bankruptcy cases." *In re Repository Techs., Inc.*, 601 F.3d 710, 719 (7th Cir. 2010) (internal citation omitted). A proceeding "arises in" bankruptcy only if it has "no existence outside of the bankruptcy." *Id.* (citing *Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006)). While the "allowance or disallowance of claims against the estate" and "determinations of the validity, extent, or priority of liens" are "core proceedings" arising in a case, 28 U.S.C. § 157(b)(2)(B), (K), here because of its withdrawal of claim the Defendant does not have a claim against the estate or under the plan, and the property at interest is not property of the estate. As such, Mr. Davis could just as

easily assert his grounds in a state court proceeding. Therefore the matter does not "arise in" the bankruptcy case and is not a "core" matter.

The matter does, however, involve a purported pre-petition claim against the Debtor and the property at issue is property of the Debtor. As such, it is related to his bankruptcy case. "Related to" jurisdiction "is primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy court so that all claims by and against the debtor can be determined in the same forum." *Zerand-Bernal Grp., Inc. v. Cox*, 23 F.3d 159, 161 (7th Cir. 1994).[1]

District courts may refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11" to bankruptcy courts, which the District Court for the Northern District of Illinois has done through its Internal Operating Procedure 15(a). 28 U.S.C. §157(a). A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. 28 U.S.C. §157(c)(1). However, in such a proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo

---

[1] Although the Debtor is apparently very near completion of his Chapter 13 plan, completion of the plan will not in and of itself divest this court of jurisdiction. The "concept of 'related to' jurisdiction is sufficiently capacious to protect this interest in judicial economy, and Congress has expressed its intention that the dismissal of a bankruptcy proceeding should not disrupt the relations between the debtor and his creditors." *Chapman v. Currie Motors, Inc.*, 65 F.3d 78, 81 (7th Cir. 1995).

those matters to which any party has timely and specifically objected. *Id.* A bankruptcy judge has the authority to enter final orders and judgments, subject to ordinary review if all parties consent. 28 U.S.C. § 157(c)(2). Here, the Defendant has consented to final orders, but Mr. Davis has refused such consent. (See ECF No. 130, 131). Therefore, the court has the jurisdiction to hear the matter but not to enter final orders or judgments.[2]

But as discussed below, the court here finds that the Defendant has failed to meet its burden of demonstrating that it is entitled to summary judgment. Denial of summary judgment is not a final order. *See, e.g.*, *Estate of Clark v. Walker*, 865 F.3d 544, 549 (7th Cir. 2017) (denial of summary judgment is not a final order). The court's ruling today is therefore within its subject matter jurisdiction and constitutional authority.

The fact that the complaint seeks only a determination of the validity and extent of the Defendant's alleged debt and mortgage interest in the Debtor's residence under state law and not the rights of the Defendant under the bankruptcy plan or against the bankruptcy estate, when combined with the fact that the automatic stay was lifted as to the Defendant with respect to the residence at least as early as May 29, 2014 (see, e.g., Order Reopening Case, Case No. 11bk81785, ECF No. 250), make it odd that the parties are seeking relief here. 28 U.S.C. § 1334(c)(2) provides that

---

[2] Because the court finds the matter to be non-core, the court need not determine whether it is a matter designated by statute as "core" but which for which the bankruptcy court would have no constitutional authority to enter final judgments. *See Stern v. Marshall*, 564 U.S. 462 (2011). Such "*Stern*" claims may "proceed as non-core within the meaning of § 157(c)." *Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2173 (2014). Nor does the provision of Section 157(c) allowing consent to final adjudication of such claims by a bankruptcy court violate Article III of the Constitution. *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1939 (2015).

"[u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." Additionally, bankruptcy courts may "in the interest of comity with State courts or respect for State law, [abstain] from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. §1334(c)(1). According to the undisputed facts, the Defendant had caused a foreclosure proceeding to be commenced with respect to the Debtor's residence prior to the petition date, and sought and obtained stay relief from this court with respect to that property more than three years ago. However, neither party has asked this court to abstain from hearing the adversary proceeding, nor has either indicated that there have been any post-petition actions to commence or continue any state court foreclosure proceedings with respect to the property.

## FACTUAL AND PROCEDURAL HISTORY

The parties declined the opportunity for oral argument, each stating in open court that they elect to stand on their written submissions. In reviewing the Motion, the court has reviewed and considered the Defendant's Motion, memorandum, statement and reply, the Debtor's responsive memorandum and statement and the

various exhibits submitted in conjunction therewith, and the court has taken judicial notice of the contents of the docket in this matter and the related bankruptcy case. *See Levine v. Egidi*, Case No. 93C188, 1993 U.S. Dist LEXIS 2886 (N.D. Ill. Mar. 8, 1993). From the foregoing review and consideration and for the purposes of determining only whether summary judgment is warranted, the court assumes the following facts to be true.[3]

The matter comes before the court on Defendant CitiMortgage, Inc.'s Motion for Summary Judgment with respect to the Plaintiff / Debtor's Amended Adversary Complaint. The Debtor frames his amended complaint in two counts, seeking "declaratory judgment[s]" (1) that "Citi does not have any legally cognizable interest in [his residence in Lakewood, Illinois] and it is, therefore, barred from taking any action to collect on the indebtedness secured by it, awarding attorney's fees and costs to Plaintiff" and (2) "determin[ing] whether the asserted default of $213,558.78 claimed by Citi is valid and whether Citi is seeking to recover amounts not permitted under the note, mortgage or applicable state law." (Am. Compl., ECF No. 6.) In the Motion for Summary Judgment, CitiMortgage argues that the Debtor is precluded from contesting the validity of its lien on the basis of *res judicata*, collateral estoppel and judicial estoppel because the Debtor allegedly "acknowledged that CMI is a secured creditor with a valid lien in his bankruptcy schedules and by way of an Agreed Order." (CitiMortage, Inc.'s Memorandum of Law in Support, ECF No. 60.)

---

[3] The court is not required to make findings of fact but may assume undisputed and immaterial facts for the purpose of making a threshold inquiry as to whether it may be possible that a factfinder may resolve the issue in favor of either party. The adjudication of these facts may still be challenged at trial. *See Anderson v. Liberty Lobby, Inc.*, 477 US. 242, 252 (1986).

The Motion does not address the amount or existence of the asserted default and therefore does not address the second count of the amended complaint.

Much of the history of this adversary proceeding and the underlying bankruptcy case are already detailed in the court's order denying motion to extend automatic stay entered in the bankruptcy case on July 10, 2015 (Case No. 11-B-81785, ECF No. 227), order reopening bankruptcy case entered June 21, 2016 (Case No. 11-B-81785, ECF No. 251), order denying motion to dismiss the adversary proceeding entered September 29, 2015 (ECF No. 25), and supplemental order denying motion to dismiss entered July 22, 2016 (ECF No. 44). Pursuant to the orders entered on September 29, 2015 and July 22, 2016, the court denied CitiMortgage's motion to dismiss the adversary complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), finding that the motion rested "on a factual view extrinsic to the complaint" and declining to convert the motion into a Rule 12(c) motion or motion for summary judgment.

CitiMortgage answered the amended complaint (ECF No. 48), and filed its Motion for Summary Judgment on December 14, 2016 (ECF No. 58), together with a memorandum in support (ECF No. 60) and the statement of facts required by Local Rule 7056-1 (ECF No. 59). The Debtor initially resisted the court's direction to respond to the Motion, arguing that he needed extensive additional discovery to do so. After the court directed him to explain with specificity in his response to the Motion for Summary Judgment any factual allegations he was unable to respond to without discovery, the Debtor appealed that ruling. The appeal ultimately reached

the Seventh Circuit, which summarily denied it on July 27, 2017, as an appeal of an interlocutory order. (ECF No. 126.)

The Debtor finally responded to the Motion on September 5, 2017, filing a memorandum in opposition (ECF No. 114) and response to statement of facts (ECF No. 115.) CitiMortgage filed a reply in support of its Motion on October 6, 2017 (ECF No. 122). Although the Debtor asserted certain additional statements of fact in his response, CitiMortgage opted not to respond to such statements in its reply, which are therefore deemed admitted pursuant to Local Rule 7056-1(C).

The only undisputed statements of any fact in either party's submissions predating the petition date are that (1) the Debtor admits that he executed a note in the sum of $444,800 and mortgage secured by his residence in favor or ABN Amro on May 23, 2005 (ECF No. 115, ¶4) and (2) CitiMortgage admits that it caused a foreclosure action to be filed in state court with respect to the Debtor's residence naming ABN Amro Mortgage Group, Inc. as the mortgagee, and attached a copy of the mortgage and note in that proceeding which did not include any indorsement (ECF No. 115, ¶¶8, 16).[4] While the Defendant attached to its Rule 7056-1 Statement of Facts a copy of the 2005 ABN Amro note which included an undated "Allonge to Note" purportedly signed by a senior vice president of ABN Amro Mortgage Group, Inc. and made out in blank, CitiMortgage has admitted that this document was not included in the version of the note filed in the 2009 foreclosure proceeding or attached

---

[4] The Debtor also alleged and the Defendant failed to dispute that unspecified "evidence corroborates" his allegation that an unspecified agent of the Defendant on an unspecified date "refused [his] request for an extension of time to make payments because the mortgage and note were owned by an investment pool and [the Defendant] could not authorize an extension." (ECF No. 115, ¶10.)

to its 2011 proof of claim filed in the Debtor's bankruptcy case. (ECF No. 115). Additionally, the Defendant has "admitted that there is no record anywhere showing that the mortgage and note were ever transferred to it via an indorsement, or otherwise. (ECF No. 115.) The Defendant alleges that it is successor in interest to ABN Amro Mortgage Group, Inc., but the Debtor disputes this allegation.

Instead, virtually all of the undisputed factual allegations[5] in the summary judgment submissions are simply allegations that a party filed a certain document in the bankruptcy case or descriptions of such documents. The Defendant relies on two such documents to argue that the Debtor should be precluded from contesting its debt and interest in his residence: (1) his amended Schedule D filed August 11, 2011, listing "ABN Amro Mortgage Group c/o CitiMortgage, Inc." as having a secured claim of $444,800, secured by a "Mortgage" on his residence incurred May 23, 2005; and (2) an agreed order conditioning the automatic stay entered by this court on January 4, 2012 and signed by Debtor's counsel at the time (the "2012 Agreed Order"). Pursuant to the 2012 Agreed Order the Debtor was ordered to make certain scheduled payments to "CITIMORTGAGE, INC." on its "Proof of Claim arrears," "post-petition arrears" and "regular monthly post petition payment," providing that the automatic stay would terminate with respect to his residence as to CitiMortgage if he failed to make such payments or timely cure after notice of default.

## DISCUSSION

To obtain summary judgment, the movant bears the burden to "show[] that

---

[5] Including allegations which the Debtor has failed to rebut, objecting only as to their "relevancy," and is therefore deemed to have admitted.

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), incorporated by Fed. R. Bankr. P. 7056. "A material fact is one that affects the outcome of the suit." *Monroe v. Indiana Dep't of Transportation*, 871 F.3d 495, 503 (7th Cir. 2017) (internal citation omitted). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For purposes of summary judgment all factual disputes are to be construed and all reasonable inferences drawn in favor of the non-moving party. *Golla v. Office of Chief Judge of Cook Cty., Ill.*, 875 F.3d 404, 407 (7th Cir. 2017). However, the "favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Monroe*, 871 F.3d at 503 (quoting *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008)). Even "when many or all of the material facts are undisputed, the court still must ascertain that judgment is proper 'as a matter of governing law.'" *John v. Gudmundsson*, 34 F.3d 1104, 1112 (7th Cir. 1994) (citations omitted).

CitiMortgage argues that the Debtor is precluded from disputing CitiMortgage's lien interest in his residence. In support of this argument, CitiMortgage first asserts that the Debtor listed "ABN Amro Mortgage Group c/o CitiMortgage, Inc." in his amended Schedule D as having a secured claim of $444,800, secured by a "Mortgage" on his residence incurred. CitiMortgage also argues preclusion because the Debtor's then counsel signed the proposed agreed

order conditioning the automatic stay pursuant to which the Debtor was ordered to make certain scheduled payments to "CITIMORTGAGE, INC." on its "Proof of Claim arrears," "post-petition arrears" and "regular monthly post petition payment." As noted above, the 2012 Agreed Order provided that the automatic stay would terminate with respect to the Debtor's residence as to CitiMortgage if he failed to make such payments or timely cure after notice of default. The court entered that Agreed Order on January 4, 2012. CitiMortgage relies on these two events to assert that the Debtor's claims are barred by the doctrines of *res judicata*, collateral estoppel and judicial estoppel.

Two of the doctrines, *res judicata* and collateral estoppel, are not applicable because this adversary proceeding was filed within and is part of the same bankruptcy case as the 2012 Agreed Order that CitiMortgage relies upon.[6] As noted by the Seventh Circuit, "issue preclusion has no role within a unitary, ongoing proceeding" and cases applying collateral estoppel or issue preclusion "that arise from sequential suits are irrelevant within one suit." *In re Hovis*, 356 F.3d 820, 822 (7th Cir. 2004). Although *res judicata* is a separate doctrine from issue preclusion, it too "does not apply to a court's redetermination of rulings made earlier in the same lawsuit." *Analytical Eng'g, Inc. v. Baldwin Filters, Inc.*, 425 F.3d 443, 453 (7th Cir. 2005). Instead, what matters "within a single suit are the deadlines set by statute and rule, plus the law of the case and judicial estoppel." *In re Hovis*, 356 F.3d at 822 (7th Cir. 2004).

---

[6] The Debtor's schedule D does not constitute a final judgment by a tribunal, and therefore CitiMortgage does not rely upon it in asserting *res judicata* and collateral estoppel.

Judicial estoppel, on the other hand, "is designed to prevent parties from obtaining an unfair advantage by taking a present position that is inconsistent with one successfully taken in the past." *Massuda v. Panda Exp., Inc.*, 759 F.3d 779, 783 (7th Cir. 2014). Although judicial estoppel traditionally involves separate and successive lawsuits the doctrine "is not so limited." *Walton v. Bayer Corp.*, 643 F.3d 994, 1002 (7th Cir. 2011) (quoting *Continental Illinois Corp. v. Commissioner*, 998 F.2d 513, 581 (7th Cir. 1993)). Because its "purpose is to deter fraud in litigation" it is applicable to "advancing a ground for relief in one stage of a lawsuit with the undisclosed intention of arguing against it in a later stage." *Id.* at 1002-03 (citing *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 660 (7th Cir. 2004)).

Judicial estoppel "is an equitable doctrine intended to 'induce[ ] debtors to be truthful in their bankruptcy filings.'" *Spaine v. Cmty. Contacts, Inc.*, 756 F.3d 542, 547 (7th Cir. 2014) (quoting *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006)). It is therefore applied not "for the benefit of the defendant but [to] protect courts and creditors from deception and manipulation." *Id.* Application of the doctrine "is 'not reducible to any general formulation of principle,' though the inquiry is typically informed by several factors." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 795 (7th Cir. 2013) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)). The primary factors for the doctrine's consideration are: "(i) whether the party's positions in the two litigations are clearly inconsistent; (ii) whether the party successfully persuaded a court to accept its earlier position; and (iii) whether the party would derive an unfair advantage if not judicially estopped." *Janusz v. City*

*of Chicago*, 832 F.3d 770, 776 (7th Cir. 2016), *reh'g and suggestion for reh'g en banc denied*, (Oct. 11, 2016) (quoting *Wells v. Coker*, 707 F.3d 756, 760 (7th Cir. 2013)). These factors are not exclusive, however, as "[j]udicial estoppel is a matter of equitable judgment and discretion." *In re Knight-Celotex, LLC*, 695 F.3d 714, 721 (7th Cir. 2012). Therefore, the "factors are not a rigid test that must be applied every time the issue of judicial estoppel is raised, but rather are general guideposts that must be considered in the context of all the relevant equities in any given case." *Id.* at 722 (agreeing with bankruptcy court's determination that under the circumstances trustee's "harmless" failure to expressly reference potential claims in an employment motion "was not a foundation for judicial estoppel to bar pursuit of the claims.").

There are several problems with CitiMortgage's judicial estoppel argument, at least at this stage of the litigation. Because CitiMortgage has brought a motion for summary judgment, it must demonstrate an absence of genuine issues of material fact, with all reasonable inferences drawn in favor of the Debtor. The Debtor contends that under the circumstances CitiMortgage should not be entitled to assert the equitable remedy of judicial estoppel against him because CitiMortgage has itself asserted contrary positions regarding the mortgage both in the earlier foreclosure case and this bankruptcy case. The Debtor argues that CitiMortgage's current position that it obtained the mortgage interest through merger with ABN Amro Mortgage Group, Inc. in 2007 – a position CitiMortgage also asserted in its October 10, 2011 proof of claim – is inconsistent with CitiMortgage's admission that it caused the foreclosure action against the Debtor to be filed in 2009 in the name of ABN Amro.

The Debtor also alleges that CitiMortgage has asserted inconsistent positions by filing with this court as an attachment to its Rule 7056-1 statement of facts a version of the ABN Amro note with an undated "allonge to note" in blank purportedly signed by an officer of ABN Amro Mortgage Group, Inc. but such document was not included in the copy of the note initially filed with the 2009 foreclosure complaint. CitiMortgage, however, did not deny or contest these factual allegations in its reply to the Debtor's submission. While these alleged circumstances may or may not ultimately be dispositive, they are at least sufficient to raise a genuine issue of material fact as to whether the equities warrant judicial estoppel of the Debtor on the issue of CitiMortgage's purported interest in his residence. This is particularly the case at this stage, where reasonable inferences are to be drawn against CitiMortgage rather than in its favor.

Additionally, in its Motion for Summary Judgment, CitiMortgage relies only on the Debtor's August 11, 2011 amended Schedule D and the court's 2012 Agreed Order conditioning the automatic stay in seeking to judicially estop the Debtor in this proceeding. Notably, the Motion does not rely on the Debtor's Chapter 13 plan or any other documents filed by or statements made by the Debtor by which he 'successfully persuaded the court to accept a position.'[7] But CitiMortgage has failed to demonstrate that there is no genuine issue of material fact as to whether either of those two

---

[7] Although the confirmed plan is attached as an exhibit to CitiMortgage's Rule 7056-1 Statement of Facts, the plan itself does not expressly state that CitiMortgage holds a lien on the Debtor's residence. Instead, in one section it describes "ABN Amro Mortgage Group" as a "creditor[] holding claims secured by a mortgage on the debtor's real property" and elsewhere describes payments to be made to "Secured creditor ABN Amro Mortgage Group/CitiMortgage, Inc." But as noted above, for purposes of a motion for summary judgment, all reasonable inferences are to be drawn in favor of the non-movant, not the movant.

documents demonstrate that the Debtor took clearly inconsistent positions, successfully persuaded this court to accept the earlier position and would derive an unfair advantage if not judicially estopped. While the Debtor's amended schedule did make reference to CitiMortgage, Inc., it did so only as a designated recipient in "care of" in the address for the creditor. Instead, the creditor's actual name was listed in the schedule as "ABN Amro Mortgage Group." Nor has CitiMortgage demonstrated that it, the court or any other party relied on the statement in the schedule in a way to provide the Debtor an unfair advantage.[8]

Most cases in which a debtor is precluded from asserting a position inconsistent with his bankruptcy schedules involve omissions or underreporting.[9] This is to protect against manipulation which "may occur when a debtor deliberately conceals a contingent or unliquidated claim during bankruptcy proceedings and then later seeks to profit from that claim after obtaining a discharge of her debts." *Spaine v. Cmty. Contacts, Inc.*, 756 F.3d 542, 547 (7th Cir. 2014) (citing *Cannon-Stokes v. Potter*, 453

---

[8] In *In re Momentum Mfg. Corp.*, the court denied a Chapter 11 debtor in possession's motion to amend its schedules and to file objections to claims of creditors who had been lulled into voting in favor of the Chapter 11 plan on the implied representations in the debtor's schedules, plan and disclosure statement that it would provide for their claims in its plan. 25 F.3d 1132, 1137 (2d Cir. 1994). Creditors in a Chapter 13 proceeding, however, are not entitled to vote on a plan, and CitiMortgage has not demonstrated for purposes of a motion for summary judgment that the Debtor's description of the claim in his amended Schedule D prejudiced creditors, the trustee or any other party in interest.

[9] CitiMortgage does cite an unpublished Ninth Circuit opinion in which the court stated that a Chapter 7 debtor was judicially estopped from claiming that a party objecting to his discharge under Section 727(a)(4)(A) lacked standing to do so because he had listed the party as a creditor in his bankruptcy schedules. *Roberts v. Erhard (In re Roberts)*, 241 Fed. Appx. 420 (9th Cir. July 19, 2007). However, the statement in that case is arguably *obiter dicta*, as the court found in the alternative that since the Bankruptcy Code's definition of "claim" included disputed claims, the party had standing as a creditor to object even if the Debtor disputed his claim. 241 Fed. Appx. at 421. In addition, the discussion of judicial estoppel consists of a single conclusory sentence addressing an argument raised "for the first time on appeal" in a two-page unpublished opinion, citing only a case in which the debtor was judicially estopped from pursuing an undisclosed asset. *Id.*

F.3d 446, 448 (7th Cir. 2006)). In *Spaine v. Community Contacts, Inc.,* the district court granted summary judgment in favor of the defendant in an employment discrimination suit on the basis of judicial estoppel because the plaintiff had failed to list the claim against it in her bankruptcy schedules. The Seventh Circuit reversed and remanded the matter, finding that the debtor / plaintiff's allegations that she had orally disclosed the existence of the claim to the bankruptcy trustee and court during the case created a genuine issue of material fact as to her intent, precluding summary judgment. 756 F.3d at 547-48. Here, the Debtor asserts that he listed the claim of ABN Amro Mortgage Group c/o CitiMortgage, Inc. in order to comply with his duty under Bankruptcy Rule 1007 to list all assets and liabilities in his schedules. The Bankruptcy Code defines "claim" to include all rights to payment whether "liquidated, unliquidated, ... disputed [or] undisputed," 11 U.S.C. § 101(5)(A). CitiMortgage has not denied that it caused a foreclosure proceeding to be initiated in the name of ABN Amro Mortgage Group which had not been resolved as of the petition date. Although the Debtor could have and did not mark the claim in his schedule as "disputed," CitiMortgage has not demonstrated for purposes of a motion for summary judgment that the failure to do so should preclude the Debtor from contesting the validity of CitiMortgage's claimed interest in his residence.

CitiMortgage next focuses its argument for preclusion or estoppel on the 2012 Agreed Order entered by this court on January 4, 2012. As noted above, the parties agreed to entry of the order to condition the automatic stay to resolve CitiMortgage's then pending motion for stay relief. First, however, it is noteworthy that it was

CitiMortgage, not the Debtor, who presented the order to the court. Although signed by counsel for the Debtor, it is also signed by counsel for CitiMortgage and according to the stamp at the bottom of the order was apparently prepared by counsel for CitiMortgage. Second, the order contains no stipulations and makes no findings of fact. All the order does is condition the automatic stay, providing that if the Debtor fails to make certain specified payments to CitiMortgage them, after notice and a failure to cure, the "Automatic Stay in this cause shall be modified for CITIMORTGAGE, INC. to proceed with the foreclosure of the [Debtor's Lakewood residence] pursuant to Illinois Law, without further Order of Court or proceeding being needed." (Case No. 11bk81785, ECF No. 127.)[10] CitiMortgage argues that, by agreeing to the 2012 Agreed Order, the Debtor obtained the benefit of CitiMortgage withdrawing its motion for relief from stay. But this argument seems ignore the fact that the automatic stay is imposed by statute and it was CitiMortgage who requested relief from that stay pursuant to Section 362(d). The 2012 Agreed Order did not impose the stay; rather it placed conditions on the stay that already existed. Indeed, CitiMortgage was ultimately able to obtain relief from the stay on or about May 29, 2014 without need for litigation or hearing pursuant to that Agreed Order. (See Notice of Modification of the Automatic Stay, Case No. 11bk81785, ECF No. 187.)

CitiMortgage relies heavily on a Missouri case in which the court granted summary judgment in favor of the defendant on the basis of judicial estoppel on a

---

[10] See also this court's earlier July 10, 2015 order denying the Debtor's motion seeking relief from the 2012 Agreed Order. (Case No. 11bk81785, ECF No. 227) ("The Agreed Order, however, is not ambiguous and does not require an interpretation of whether or not CitiMortgage holds a lien.")

debtor's adversary complaint challenging the defendant's standing to enforce a promissory note and deed of trust. *Knigge v. SunTrust Mortgage, Inc. (In re Knigge)*, 472 B.R. 808 (Bankr. W.D. Mo. 2012). The opinion contained language lamenting what it characterized as "gotcha" litigation where bankruptcy debtors worked "out a payment plan to forestall relief from the automatic stay or settling a creditor's objection to confirmation, but then try to invalidate the creditor's secured claim when it becomes problematic or burdensome." 472 B.R. at 812. However, the court's judicial estoppel holding was made in the alternative. The court made the finding on the merits that the creditor had standing because of the undisputed fact that it was in possession of the original note, which constituted a negotiable instrument. 472 B.R. at 813.

Notably, *Knigge* involved a creditor who not only withdrew its motion for stay relief, but also withdrew its objection to plan confirmation in consideration for an agreed order for payment. That case involved multiple bankruptcies in sequence. The *Knigge* debtors initially had agreed to entry of two consent orders in settlement of the creditor's motion for relief in their prior Chapter 13 case in which they had completed a plan providing for direct payments to the creditor. They requested entry of the agreed order in settlement of the creditor's objection to confirmation of the debtors' plan in their subsequent Chapter 13 case. *Id.* Unlike a motion for relief from the automatic stay such as relied on by CitiMortgage, a Chapter 13 plan is presented by the debtor alone. 11 U.S.C. § 1321. Also, unlike withdrawal of a motion for stay relief, which merely maintains the status quo, confirmation of a plan binds the debtor and

each creditor to the terms of the debtor's plan whether or not the claim of such creditor is provided for by the plan and whether or not such creditor has objected to, accepted or rejected the plan. 11 U.S.C. § 1327. Finally, the court in *Knigge* was able to establish extensive uncontroverted facts as to the note, mortgage and chain of title and identified no dispute of fact raised by the debtors. That is not the case here. The Debtor has contested the chain of title and raised inconsistencies.

Given the equitable nature of the relief which CitiMortgage seeks and the standards for summary judgment, CitiMortgage has not shown an absence of genuine dispute of material facts demonstrating that the Debtor's agreement for the entry of the Agreed Order conditioning the automatic stay precludes him from seeking the relief sought in his amended complaint.

Accordingly, CitiMortgage's Motion for Summary Judgment is denied. A separate order shall be entered giving effect to the determinations reached herein.

DATE: January 25, 2018   ENTER:

_____
Thomas M. Lynch
United States Bankruptcy Judge